UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREA WRIGHT,

    Plaintiff,

vs.                                                   Case No. 3:20-cv-1026-J-34PDB

GILEAD SCIENCES, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 14, 2020, Defendant Gilead Sciences, Inc. filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for

the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action.  See Defendant Gilead Sciences, Inc.'s Notice of Removal (Doc. 1; Notice) at 1-2.  Specifically, Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441.  See id. at 2-3.  However, upon review of the Notice and the Complaint and Demand for Jury Trial (Doc. 1-1; Complaint), the Court is unable to determine the citizenship of Plaintiff as necessary to establish diversity jurisdiction over this action.[1]

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  In the Notice, Defendant states that "Plaintiff alleges that she is a citizen of Florida," and cites to paragraph one of the Complaint and Demand for Jury Trial (Doc. 1-1; Complaint).  See Notice at 2.  However, upon review of the Complaint, what Plaintiff actually alleges is that she "resides in the City of Jacksonville, County of Duval, State of Florida."  See Complaint ¶ 1 (emphasis added).  Significantly, to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides.  Taylor, 30 F.3d at 1367.  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is absent therefrom."  McCormick, 293 F.3d at 1257-58 (quotation and citation omitted).  "Citizenship, not residence, is the key fact that

---

[1] Based on the allegations of the Complaint, the Court is satisfied that Defendant is a citizen of Delaware and California.  See Complaint ¶ 2.

2

must be alleged in the complaint to establish citizenship for a natural person." Taylor, 30 F.3d at 1367; Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").  Thus, Plaintiff's allegation of her residence in the Complaint is not equivalent to an allegation of citizenship and Defendant's reliance on it is therefore insufficient to establish Plaintiff's citizenship for purposes of diversity jurisdiction.

Without additional information regarding Plaintiff's citizenship, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.  Accordingly, it is

**ORDERED**:

Defendant shall have up to and including **September 29, 2020**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on September 15, 2020.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

3